# William J. A. Bradford, plaintiff in error, *vs.* The Board of Commissioners of Jackson County, defendants in error.

## *Error to Jackson.*

An action against a Board of County Commissioners for services rendered as a District Prosecutor, cannot be maintained.

This was an action of assumpsit, commenced in the District Court of Jackson county, for services rendered in said county as a district prosecuting attorney.

The defendant filed a plea in abatement: That the court ought not to have and entertain jurisdiction of the cause, nor of the matters in the plaintiff's declaration:

1. Because, by the law of the territory creating the office of prosecuting attorney, the amount to be recovered by said attorney is left discretionary with the board of county commissioners of the different counties.

2. The defendants were invested by law with full discretionary power, as to regulating and allowing the amount to be received by said public prosecutor. And no jurisdiction is given or does belong to the District Court, to hear and try the matter.

3. That the District Court can only entertain jurisdiction of such matters in the form of appeal from the decision of the board.

To which plea the plaintiff demurred, specially:

1. Because said plea does no where show any fact, matter or thing by reason whereof the jurisdiction of the court over matters of contract should be restricted in the present case.

2. It does not appear, nor is it avered, whether the parties to the action, the subject matter thereof, the amount in controversy, or the venue laid are without the jurisdiction of the court.

3. It no where states by what law or authority the board of commissioners have a discretionary power, so as to exclude the jurisdiction of the court, and trial by jury as in other cases.

4. The plea does not state what court or judicial tribunal has cognizance of this cause.

5. The plea does not show the defect of jurisdiction in the District Court.

6. The plea presents no traversable matter, and if traversed, no issue could be formed.

7. That said plea is not signed by the party pleading, as by law it should be.

8. That the plea is by attorneys, and thereby the jurisdiction of the court is admitted, &c.

The demurrer was overruled and a judgment for costs rendered by the court below against Bradford, the plaintiff.

The plaintiff sued out his writ of error from this court, and for error assigns:

1. The court erred in sustaining the plea of the defendant.

2. The court erred in deciding that the board of commissioners of Jackson county were not liable to be sued, because an appeal lay from the doings of the board of commissioners of the several counties in the territory, to the District Court.

3. The court erred in deciding that the present action against the board of commissioners of Jackson county, could not be maintained, because by the law creating the office of district prosecutor, it was made discretionary with said board what amount should be paid to said district prosecutors.

BRADFORD, *in propria persona*, in support of the errors assigned, contended:

1. That the board of commissioners of the several counties are corporations, both by common law and by statute. Am. Com. Law, til. Corp., Iowa Stat. p. 102, sec. 4, 1839.

2. It is incident to a corporation to sue and be sued. Bacon Abr. Corp. D. It is the practice in the United States to sue counties. 7 Mass. R. 461, Hawks vs. Kennebec county—11 Mass. R. 220, Brown vs. Somerset.

3. That the statute declares that the boards of commissioners of the several counties may sue and be sued, Iowa Stat. 1839, p. 102, sec. 4; and prescribes the mode of serving writs upon them, Stat. Dec. 31, 1840, p. 20.

4. The second reason for overruling the demurrer, is inconsistent with the first. If the law allows an appeal, then there is no such absolute discretion in the county commissioners, as the decision below

contemplates. An appeal is as fatal to such discretion, as a suit commenced by declaration and summons.

5. The law does not know any absolute discretion, 1 Blackf. 50.

6. The constitution guaranties the right of trial by jury, 1 Blackf. 5; Vanblancan vs. Ward—18 John. R. 418—6 Harris and John: 475.

DAVIS, for defendants: The only point which is perceived in the case, arises out of the construction to be given to the 5th section of the act respecting district prosecutors, page 178 and 179, Revised Statutes. Its language is, " district attorneys shall receive such compensation for their services as the board of county commissioners of their respective counties, shall from time to time deem proper, either as an annual salary, or by making payment on bills for services rendered, as they shall judge best." The duty of the commissioners, by this section, is clearly pointed out. The measure of compensation is given, and it is such sum as the commissioners shall from time to time deem proper. Without some violation, or omission of duty the commissioners could not be sued, unless upon contract. No contract can be presumed against their duty. Their duty is to allow such sum as they deem proper. No other sum can be taken to be due. It follows that the claim for the services must be ascertained by the measure prescribed by the law to ascertain it. Nothing appears by the record that the claims set up by the plaintiff have been thus ascertained, and until thus ascertained, there is no legal liability on the part of the commissioners to pay any particular sum. The amount is at their discretion, and if *bona fide* exercised upon the case, upon presentation would fix the amount.

It is not denied that if the commissioners upon the presentation of the claims for the services rendered them, had acted in bad faith, their duty might be enforced, by the proper legal proceeding. But there is extreme doubt whether the proper or legal remedy would be by action of assumpsit. Under the statute no other contract can be presumed, for compensation to district prosecutors, than the one prescribed, which is to pay the sum such commissioners shall deem proper.

BY THE COURT, WILSON, JUSTICE.—It is not necessary to consider the errors separately, as the solution of one question will decide this case. That question is this : Whether the district prosecutor can commence and maintain a suit, in the District Court of Jackson county, for his services, against the county commissioners of that county.

The 5th section of the " Act for the appointment of district prosecutors, and defining their duties," enacts, " that the said district attorneys shall receive such compensation for their services as the board of county com- missioners of their respective counties, shall from time to time, deem proper, either as an annual salary, or by making payment on the bills for services rendered." This section contemplates an exercise of the discretion of the county commissioners ; not only as to the amount of compensation, but as to the time of payment.

It is left to their discretion as to the amount ; for it provides that " the district prosecutor shall receive such compensation, as the board of commissioners shall deem proper," and also, as to the time, for it further provides, that the compensation may be as an annual salary, or by making payment on the bills for services rendered, as they (the com- missioners) shall judge best.

This suit, as appears from the declaration, was brought for the services of the district prosecutor, at the October term, 1840, of the District Court for Jackson county : and there is no averment of a neglect on the part of the county commissioners to act in the premises ; no averment of a demand. Would it not be a sufficient compliance with this statute, if the commissioners would make an allowance to the district prosecutor, as the salary for a year, commencing after a specified time ? We think it would. If so, can the prosecutor bring an action for a weeks service ? If he can, then that part of the statute which says that they may make him the allowance as an annual salary, or upon bills rendered, as they may deem proper, would be a nullity ; for, by bringing suit for one weeks service, and recovering the value thereof, he takes away the discretion vested by law, in the commissioners, both as to the amount of compensation, and as to the time of payment. In the act referred to, no provision is made for a review of their decision in the District Court.—— The 4th section of the act " organizing a board of county commissioners in each county in the Territory of Iowa," is relied on by the plaintff in error, as authorizing the institution of this suit. This section, after enacting that the board of commissioners may sue in their corporate name, provides that the board " may in like manner, by and under their corporate name and style, be sued by any person or persons having any manner of claims against said county." This statute was passed Dec. 14th, 1838, and the statute in reference to the district prosecutor, which vests the discretion in the board of county commissioners, was passed, Jan. 15th, 1839. That these statutes conflict, no one will deny ; and if

so, then the last must stand ; espeeially as it refers to the particular case, while the other is general. Whether the discretion vested in the commissioners is of that absolute character, as to preclude the right of a rehearing in the District Court, either by an appeal under the general provision allowing appeals from the decisions of the boards of county commissioners, by persons aggrieved by such decisions, or upon a mandamus to such board ; whether the discretion vested in the county commissioners, is such a discretion as a court may exercise, in regulating its proceedings ; or whether the county commissioners are bound to allow a reasonable compensation, such as a reasonable man would think the prosecutor ought to have for his services, it is not necessary in this case to decide, as the questions are not presented by the record.— We decide all the questions presented in this case, when we say, that the discretion of the commissioners must be first exercised in reference to the matter, and that the 5th sec. of the act in reference to district prosecutors, precludes the idea of their commencing suit against the county commissioners in the District Court, by declaration and summons.

The judgment below is affirmed.